IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AIELYAB BEREKET HAFTE,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN PRAIRIELAND DETENTION CENTER,**<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. **3:26-CV-1298-L-BK** |

**ORDER**

On August 26, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 14) was entered, recommending that the court dismiss without prejudice as moot this habeas case brought pursuant to 28 U.S.C. § 2241 for want of jurisdiction. No objections to the Report were filed, and the fourteen-day deadline for doing so has expired.

The magistrate judge determined Petitioner, Aielyab Bereket Hafte's ("Petitioner") removal order is administratively final, causing the issues presented in his Petition to be moot. Petitioner challenges his pre-final deportation order detention by Immigration Customs Enforcement ("ICE"). Doc. 1. At the time of filing his Petition, Petitioner was still in removal proceedings, so his detention was authorized by 8 U.S.C. section 1225. On May 19, 2026, however, Board of Immigration Appeals denied Petitioner's appeal of his removal order. Doc. 11, App. 008.

> Under 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Petitioner argues that the government is aware that he moved for a stay of removal in the Fifth Circuit and in his reply includes a filing by the Department of Justice that states it has been notified of a motion for stay of removal. As the magistrate judge notes, however, the Government later confirmed in a letter that was filed with the Fifth Circuit and served on Petitioner that it mistakenly advised that a motion for stay of removal was filed. Since Petitioner did not move for a stay, his removal order became administratively final on May 19, 2026. *See* 8 C.F.R. § 1241.1(a). Thus, his detention is governed under 8 U.S.C. section 1231. *See Andrade*, 459 F.3d at 543-44. Since Petitioner is no longer detained as an applicant for admission pursuant to 8 U.S.C. section 1225(b)(2) or subject to pre-final deportation order detention pursuant to 8 U.S.C. section 1226(a), his challenges are moot.

Having considered the habeas petition, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice as moot** the section 2241 Petition and this action for want of jurisdiction.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability, as it determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."[*] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this

---

[*] Rule 11 of the Rules Governing Section 2254 provides as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court

determination, the court accepts and incorporates by reference the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 5th day of November, 2026.

Sam A. Lindsay
United States District Judge

may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.